# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

JULIE E. GOSS,
        Plaintiff,

v.

Case No. 04-CIV-573-RAW

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,
        Defendant.

## ORDER

Before the court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 23]. On October 16, 2006, this court rendered a final judgment remanding the Plaintiff's case for further proceedings. The Commissioner issued a Notice of Award on July 30, 2007.

The parties also filed supplements regarding the requested fees. Prior to filing her supplement and pursuant to the order of the court [Docket No. 27], Plaintiff attempted to determine whether or not the Defendant objected to the requested fees. Plaintiff indicated that after contacting counsel for Defendant, the agency "was still considering how it wished to proceed with <u>Wrenn</u>." The Tenth Circuit Court of Appeals issued its decision in <u>Wrenn, ex rel. Wrenn v. Astrue</u>, 2008 WL 1960766 (10th Cir. (Okla.) 2008) on May 7, 2008, almost four weeks ago. The court cannot fathom how the agency was still uncertain as to how they wished to proceed after weeks to deliberate the matter. Defendant drug its feet and chose instead to file a standard response regarding § 406(b) fees.

In order to authorize payment of attorney fees pursuant to 42 U.S.C. § 406(b), a court must act as an "independent check, to assure that they yield reasonable results in particular

cases." McGraw v. Barnhart, 450 F.3d 493, 498 (10th Cir. 2006). A district court should determine the reasonableness and timeliness of the attorney fee request prior to awarding fees. Id., at 502 and 505. There is a limit, however, to the amount of fees that can be awarded pursuant to § 406(b): "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002).

Wrenn states that "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner." Id., at *6. Thus, the combined attorney fees for representation before the Social Security Administration and on appeal to a district court are not limited to 25% of past-due benefits. In any event, the requested fees in this matter are less than 25% of past-due benefits. After a review of the motion and supporting documents, the court finds that the fees requested are reasonable.

A motion for the award of attorney fees under § 406(b) should be filed within a "reasonable time of the Commissioner's decision awarding benefits." McGraw, at 505. There is no specific time frame for the filing of the motion. The court finds that the request for attorney fees was filed within a reasonable time.

Therefore, it is the Order of the court that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) is GRANTED, and reasonable attorney's fees are approved in the amount of **$12,393.50**. Further, pursuant to Wrenn, counsel for Plaintiff is directed to refund the amount of the EAJA award ($4,549.50) to Plaintiff.

**ORDERED THIS 3rd DAY OF JUNE, 2008.**

**Dated this 3rd Day of June 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma